

DA 08-0135

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 406N

SHEILA MARIE CARTER,

       Petitioner and Appellee,

  v.

NICHOLAS SAMUEL WILLARD CARTER,

       Respondent and Appellant.

APPEAL FROM:   District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV 08-038
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Sasha Kristine Brownlee, Attorney at Law; Hamilton, Montana

      For Appellee:

          Sheila Marie Carter, self-represented; Corvallis, Montana

Submitted on Briefs:  November 13, 2008

Decided:  December 4, 2008

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Nicholas Samuel Carter (Nicholas) appeals from an order of protection entered by the Twenty-First Judicial District Court, Ravalli County. We affirm.

¶3      The sole issue on appeal is whether the District Court abused its discretion in denying Nicholas's request to continue the hearing on the petition for the order of protection filed by Sheila Carter (Sheila).

¶4      The marriage of Nicholas and Sheila was dissolved by decree entered in Silver Bow County, Montana, in March of 2006. Following the dissolution, Nicholas moved to Tennessee and Sheila moved to Ravalli County, Montana. On January 25, 2008, Sheila petitioned the District Court for a temporary order of protection (TOP) against Nicholas on behalf of herself, their daughter and her two children from a prior relationship. The District Court issued a TOP that day pursuant to § 40-15-201(4), MCA. It also scheduled a hearing pursuant to § 40-15-202(1), MCA, for February 13, 2008, to determine whether the TOP should be continued, amended or made permanent. Nicholas was served with the TOP and notice of hearing in Tennessee on January 30, 2008.

2

¶5 On February 12, 2008, the District Court received via facsimile machine (fax) a letter from Nicholas requesting the court to continue the hearing because he had been unable to make arrangements to travel to Montana in time, and he wished to arrange with his attorney to appear for the hearing by video conference. Sheila appeared, acting on her own behalf, at the scheduled hearing the following day; neither Nicholas nor an attorney on his behalf appeared. At the beginning of the hearing, the District Court stated it had received Nicholas's faxed letter, but had received no actual motion for continuance and no attorney had communicated with the court on Nicholas's behalf. The court proceeded with the hearing, at which Sheila testified and provided the court with various documents in support of her petition. The District Court subsequently ordered that the order of protection would remain in effect for one year from the date of the hearing. Nicholas appeals.

¶6 "We will not overturn a court's decision to deny a motion for a continuance absent a showing of both an abuse of discretion and prejudice to the complaining party." *McCormack v. Andres*, 2008 MT 182, ¶ 23, 343 Mont. 424, ¶ 23, 185 P.3d 973, ¶ 23. A hearing on a TOP may be continued for good cause at the request of either party to the action. Section 40-15-202(1), MCA. Furthermore, a motion to continue a trial or hearing on the basis of absence of evidence or witnesses "shall only be made upon affidavit showing the materiality of the evidence expected to be obtained and that due diligence has been used to procure it." Section 25-4-501, MCA. Finally, "[a]n application to the court for an order shall be by motion which, unless made during a hearing or trial, shall

be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." M. R. Civ. P. 7(b).

¶7 Nicholas contends the District Court abused its discretion in refusing to continue the hearing because his faxed written letter to the court was timely, was sufficient to constitute a motion for continuance and affidavit in support thereof, and showed good cause for the continuance because he had insufficient time in which to appear and present witnesses at the hearing. He further asserts that the court's denial of his motion prejudiced him because he was unable to present evidence and testimony from himself and other witnesses. Therefore, Nicholas argues, the court's denial of his motion should be reversed, the protection order vacated and the case remanded for a new hearing on Sheila's petition at which both parties can be present.

¶8 Nicholas overlooks, however, a further procedural rule which supports the District Court's denial of his motion for continuance. Montana Rules of Civil Procedure 5(e)—entitled "Filing with the court defined"—provides that "[p]apers may be filed by facsimile or other electronic means, provided the original document must be filed with the clerk within five business days of the receipt of the facsimile copy or the filing will be treated as void." Here, while Nicholas's faxed letter was filed with the District Court, Nicholas did not timely—or ever—provide the Clerk of the District Court with the original letter. Consequently, under the procedural rules, Nicholas's faxed motion to continue must be treated as void. The District Court did not abuse its discretion in determining Nicholas's faxed letter did not constitute a proper motion for continuance.

4

¶9    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the issue is clearly controlled by Montana law which the District Court correctly interpreted and there was no abuse of judicial discretion.

¶10    Affirmed.

/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS